

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 29, 1961

Hon. William A. Harrison
Commissioner of Insurance
International Life Building
Austin, Texas

Opinion No. WW-1071

Re: Whether County Mutual Insur-
ance Companies which are
authorized to issue automobile
liability insurance policies in
the State of Texas are subject
to the mandatory provisions of
Section 35 of the Texas Motor
Vehicle Safety-Responsibility
Act, Acts 1951, 52nd Legisla-
ture (Article 6701h, Civil Statutes
of Texas).

Dear Commissioner Harrison:

You have asked our opinion on the following questions:

"1. Are County Mutual Insurance Companies which
are authorized to issue automobile liability insurance
policies in the State of Texas subject to the mandatory
provisions of Section 35 of the Texas Motor Vehicle Safety-
Responsibility Act, Acts 1951, 52nd Legislature?

"2. If your answer to the above question is in the af-
firmative, would a County Mutual which subscribed to the
Assigned Risk Plan be required to charge the rate of pre-
mium prescribed by the State Board of Insurance for poli-
cies issued in accordance with the Texas Motor Vehicle
Assigned Risk Plan?"

Section 35 of Article 6701h, V.C.S., the Motor Vehicle Safety-
Responsibility Act, after making provisions for the formation of "a plan
and procedure to provide a means by which insurance may be assigned
to an authorized insurance company for a person required by this Act to
show proof of financial responsibility," commonly known as the assigned
risk plan, continues by providing: "When any such plan has been approved

by the Board of Insurance Commissioners, all insurance companies authorized to issue motor vehicle liability policies in the State of Texas shall subscribe thereto and participate therein." In addition, the Board is given the authority to set premium rates commensurate with the risks. (In the field of automobile insurance generally, the Board, by Subchapter A of Chapter 5 of the Insurance Code has been given the responsibility of promulgating policy forms and regulating premium rates.)

County Mutuals have a somewhat unique history. Chapter 17 of the Insurance Code (Art. 17.22, Vol. 14, Vernon's Civil Statutes) has consistently provided that such companies shall be "exempt from the operation of all insurance laws of this state" unless otherwise specifically provided in said Chapter. Formerly, no such company could write automobile liability insurance. In 1955, however, certain changes were made in Chapter 17. Article 17.02 was amended to prohibit the formation of such companies; Article 17.25 was amended to authorize the writing of automobile liability insurance by certain classes of County Mutuals; and Article 17.22 was amended to provide that such companies are subject to certain specified statutes outside of Chapter 17.

Shortly after the passage of the above-mentioned amendments, this office was called upon to answer somewhat the same question in regard to automobile liability insurance generally that we are now called upon to answer in regard to the assigned risk plan. In Opinion No. WW-401, we held: 1) that County Mutuals were specifically made subject to the policy provisions of Article 5.06, but 2) were not subject to the rating provisions of Article 5.01, et seq, because of the exemption provisions.

The reasoning of Opinion No. WW-401 applies equally to the question before us. Although obviously the purpose of Art. 6701h in its entirety is "to encourage safer use of motor vehicles," in our opinion Sec. 35 of that Article is an "insurance law" within the purview of Art. 17.22 since the regulations which it imposes upon the insurance industry after approval of the plan by the Board are of the most fundamental type, i.e. the compulsory insuring of a risk at a prescribed rate. Nowhere in the 1955 amendments to Chapter 17, neither in those giving County Mutuals the authority to write automobile liability insurance, nor in those specifying other portions of the laws of this State to which such companies should thenceforth be subject, are there any references to Article 6701h, although it had been in existence since 1951.

Accordingly, we are compelled to hold that County Mutuals are not subject to the provisions of the Texas Motor Vehicle Assigned Risk Plan, and both questions are answered in the negative.

### SUMMARY

County Mutual Insurance Companies which are authorized to issue automobile liability insurance policies in the State of Texas are not subject to the mandatory provisions of Section 35 of the Texas Motor Vehicle Safety-Responsibility Act, Acts 1951, 52nd Legislature (Article 6701h, V.C.S.).

Very truly yours,

WILL WILSON
Attorney General of Texas

By R. V. Loftin
R. V. Loftin
Assistant Attorney General

RVL:lmc

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman
Virgil Pulliam
William R. Hemphill
Ben Harrison
Tom I. McFarling

REVIEWED FOR THE ATTORNEY GENERAL
BY: Morgan Nesbitt